# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**CRAYTONIA BADGER**  PLAINTIFF
**ADC #162710**

v.   Case No. 4:16-cv-00621 KGB-BD

**WENDY KELLEY,** *et al.*   DEFENDANTS

## ORDER

The Court has received a Partial Recommended Disposition from United States Magistrate Judge Beth Deere (Dkt. No. 60). Plaintiff Craytonia Badger filed objections to the Partial Recommended Disposition (Dkt. No. 61). After a review of the Partial Recommended Disposition, and the timely objections received thereto, as well as a *de novo* review of the record, the Court adopts Judge Deere's Partial Recommended Disposition to grant defendants' motion for summary judgment on the issue of exhaustion (Dkt. No. 60).

The Court reviewed the objections filed by Mr. Badger, and the Court determines they have no merit. The Court writes separately to address issues raised in Mr. Badger's objections.

### I.   Factual Background

Mr. Badger was, at the time of these grievances, a state inmate incarcerated at the Wrightsville Unit of the Arkansas Department of Correction ("ADC"). Mr. Badger filed this action pursuant to 42 U.S.C. § 1983, alleging defendants violated his Eighth Amendment right against cruel and unusual punishment (Dkt. No. 2). Mr. Badger submitted a number of grievances claiming that he received inadequate medical treatment (Dkt. No. 2).

Separate Defendants Wendy Kelley, James Shipman, Jason Meadough, Daniel Laminack, and Itena Jackson filed a motion for summary judgment, arguing that Mr. Badger did not exhaust his administrative remedies as to grievance numbers WR-16-107, WR-16-108, WR-16-115, WR-

16-116, and WR16-117(Dkt. No. 32). They claim that Mr. Badger did not comply with the rules laid out by the ADC's Inmate Grievance Procedure (Dkt. No. 34).

## II. Failure to Exhaust

In an effort to reduce the quantity and improve the quality of prisoner suits, Congress implemented an "invigorated" exhaustion provision. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The Prison Litigation Reform Act requires that "no action shall be brought with respect to prison conditions under 42 U.S.C. § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* § 42 U.S.C. § 1997(e)(a); *Jones v. Bock*, 549 U.S. 199, 204 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002).

### A. Wendy Kelley

Mr. Badger objects to the recommended dismissal of Ms. Kelley on the basis that she was not named in any of the submitted grievances (Dkt. No. 61). Mr. Badger states that he did not name Ms. Kelley as a defendant because she directly harmed him, but instead he named her as a defendant because she oversees the ADC. *Id*. The Court notes that, in his amended complaint, Mr. Badger brings deliberate indifference claims against Ms. Kelley (Dkt. No. 7, at 4). To the extent Mr. Badger contends he named Ms. Kelley as a defendant because she supervises or oversees the ADC, a plaintiff may not rely on the doctrine of *respondeat superior* as a basis for liability under 42 U.S.C. § 1983. *See Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990) ("It is well settled that *respondeat superior* cannot be the basis of liability in a § 1983 action.").

Further, ADC Grievance Policy E.2 requires an inmate to write a brief statement that includes the date, place, personnel involved, and how the policy affected the inmate submitting the grievance form (Dkt. Nos. 34; 13). Mr. Badger failed to exhaust his administrative remedies

as to Ms. Kelley because he did not specifically name her in any of the grievances filed. Therefore, Ms. Kelley should be dismissed from this lawsuit.

## B. James Shipman, Jason Meadough, Daniel Laminack, And Itena Jackson

Mr. Badger objects to the recommended dismissal of Mr. Meadough, Mr. Laminack, Ms. Jackson, and Mr. Shipman because he claims that they withheld nearly all grievances, intentionally causing Mr. Badger to exceed the weekly limit (Dkt. No. 61). Mr. Badger provided no evidence in support of his allegations.

Defendants submitted the declaration of Barbara Williams, the Grievance Coordinator for the ADC (Dkt. No. 34, at 6). Ms. Williams stated that Mr. Badger filed grievance WR-16-117 on March 10, 2016, against Mr. Shipman (Dkt. No. 34, at 7). Two days later, on March 12, 2016, he filed grievance WR-16-116 against Ms. Jackson (Dkt. No. 34, at 7). Grievances WR-16-116 and WR-16-117 were rejected pursuant to Grievance Policy J(1)(b), which allows inmates to submit only three formal grievances within a seven-day period (Dkt. No. 34, at 21). These grievances were the fourth and fifth that Mr. Badger submitted between March 7, 2016, and March 12, 2016. Therefore, they exceeded the maximum number of grievances allowed, and the ADC was not required to respond to them under the ADC's policy, which controls (Dkt. No. 34, at 8, 21).

Mr. Badger objects to the ADC's policy that when an inmate exceeds his weekly limit of grievances, the officer takes no further action and does not inform him that he has exceeded the weekly limit (Dkt. No. 61). Mr. Badger claims that this policy does not give him any option to appeal the denial of his grievances (*Id.*). However, Inmate Grievance Policy F(8) provides ""[i]f an inmate has not received a response . . . the inmate may move to the next level of the process, an appeal to the Chief Deputy or Deputy Assistant Directors Level within five (5) working days." (Dkt. No. 34, at 18). Therefore, when Mr. Badger did not receive a response in regard to WR-16-

3

116 and WR-16-117, he should have moved to the next level of the process and appealed the rejection. Mr. Badger did not do so in this case and, therefore, did not exhaust his remedies as to WR-16-116 and WR-16-117.

### III. Conclusion

For these reasons, the Court determines that Mr. Badger's objections have no merit. The Court adopts the Partial Recommended Disposition from United States Magistrate Judge Beth Deere in its entirety (Dkt. No. 60). Accordingly, this Court grants defendants' motion for summary judgment (Dkt. No. 32). This Court dismisses without prejudice Mr. Badger's claims against Ms. Kelley, Mr. Shipman, Ms. Jackson, Mr. Meadough, and Mr. Laminack.

So ordered this 11th day of September, 2017.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge